UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARL FREDERIKSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:13-cv-283-WTL-DML |
| | ) |
| HYATT REGENCY INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss the Plaintiff's Complaint.  The motion is fully briefed and the Court, being duly advised, rules as follows.

The Plaintiff, who is proceeding *pro se* in this matter, alleges that he was fired by the Defendant for allegedly falling asleep on the job, that "any problem [he] had" was the result of a disability, and that he requested and was denied a reasonable accommodation for that disability. This, he argues, constituted a violation of the Americans with Disability Act.

The Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to satisfy the applicable pleading standard because it does not reveal the nature of the Plaintiff's alleged disability. For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (omission in original).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted).  A complaint's factual

allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

The Court disagrees with the Defendant that the Plaintiff was required to "plead with specificity the nature of his disability" in order to satisfy this standard, any more than a Plaintiff is required to plead the precise nature of the Defendant's alleged negligence in a car accident case. *Cf.* Form 11 to Federal Rules of Civil Procedure (setting out complaint for negligence); Rule 84 (forms "suffice under these rules and illustrate the simplicity and brevity that these rules contemplate"). This is not a case in which the complaint is so vague that the defendant cannot discern what it is being accused of; nor is it a complex case in which more specific factual allegations may be required to ensure that the plaintiff's claim is plausible. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir.2010) ("A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.").

The Complaint in this case sufficiently puts the Defendant on notice of what this case is about. Requiring the Plaintiff to file an amended complaint to add that his disability is sleep apnea would accomplish no more than a simple interrogatory would, and the interrogatory would have required less effort to prepare and serve than the motion to dismiss, accompanying brief, and reply brief did. The motion to dismiss is **DENIED**.

SO ORDERED:   05/10/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification